JUSTICE HOOD delivered the Opinion of the Court.
¶ 1 Respondent James Patton stole two camcorders worth about $1700 total in 2009. At the time he did this, theft for the value of the two camcorders constituted a class 4 felony. But in 2013, the General Assembly changed the theft statute to make thefts for items valued between $750 and $2000 a class 1 misdemeanor. Ch. 373, sec. 1, § 18-4-401, 2013 Colo. Sess. Laws 2196. The amendment to the theft statute did not say whether it applied prospectively or retroactively. See id. Regardless, the trial court denied Patton's motion arguing that, if convicted, he should be sentenced under the amended statute. A jury convicted Patton in 2014, and the trial court sentenced him for committing a class 4 felony under the pre-2013 theft statute.
¶ 2 Patton appealed, arguing he should have received the benefit of a lower sentence under the amended theft statute. A division of the court of appeals agreed, reversing in an unpublished, split opinion. The majority followed the division's opinion in People v. Stellabotte, 2016 COA 106, ¶¶ 45-48, --- P.3d ----, which, analyzing the same statutory amendment, concluded that the theft amendment should apply retroactively to defendants seeking relief on direct appeal. Judge Dailey, however, dissented for the same reasons he dissented in Stellabotte, ¶¶ 62-70.
¶ 3 We granted the People's petition for certiorari[1] and now affirm. For the reasons discussed in People v. Stellabotte, 2018 CO 66, 421 P.3d 174, the lead case we decide today, we hold that ameliorative, amendatory legislation applies retroactively to non-final convictions under section 18-1-410(1)(f), C.R.S. (2017), unless the amendment contains language indicating it applies only prospectively. So, the division properly concluded that the theft amendment applies retroactively to cases involving convictions that were not final on the effective date of the amendment, and thus, Patton should *186 have been sentenced for committing a class 1 misdemeanor.
¶ 4 Accordingly, we affirm the judgment of the division and remand for further proceedings consistent with this opinion.
CHIEF JUSTICE COATS dissents, and JUSTICE BOATRIGHT joins in the dissent.

We granted certiorari to review the following issue:
Whether the court of appeals erred in holding that an amendment to a statute that is silent on whether it applies retroactively applies retroactively to cases that are pending when the amendment was enacted.